UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL LUCAS

CIVIL ACTION

VERSUS

No. 26-652

MDC Coast 13, LLC

SECTION I

ORDER & REASONS

Before the Court is defendant MDC Coast 13, LLC's ("defendant") motion[1] to set aside the entry of default against it in this matter. Plaintiff has not filed an opposition in response to defendant's motion. For the reasons stated herein, defendant's motion is granted.

I.    BACKGROUND

On March 26, 2026, plaintiff Michael Lucas ("plaintiff") filed this lawsuit against defendant pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the "Louisiana Commission on Human Rights," La. Rev. Stat. § 51:2231 *et seq.*[2] Plaintiff alleges that a Burger King, owned by defendant and located at 101 Cumberland St, Bogalusa, LA 70427, lacks adequate accessibility for disabled persons, in violation of federal and state law.[3] Plaintiff seeks declaratory and injunctive relief, attorneys' fees, and costs with respect to both claims, and monetary damages for his Louisiana state law claim.[4]

---

[1] R. Doc. No. 7.

[2] R. Doc. No. 1.

[3] *Id.* at 2–3.

[4] *Id.*

On April 8, 2026, a summons and copy of plaintiff's complaint were served on defendant's registered corporate agent, Corporation Service Company, and defendant was directed to file a responsive pleading by April 29, 2026.[5] As of May 5, 2026, defendant had failed to file a responsive pleading; as a result, plaintiff filed and was granted an entry of default against defendant, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.[6]

Defendant subsequently retained counsel and filed the instant motion to set aside the entry of default on June 1, 2026.[7] In support of its motion, defendant submits that good cause exists to vacate the entry of default. According to defendant, its delay in responding to plaintiff's complaint was the result of difficulty obtaining local counsel, and a miscommunication with plaintiff's counsel regarding whether plaintiff was opposed to defendant seeking an extension of time to answer.[8] Defendant submits that plaintiff's counsel agreed to an extension on May 11, 2026,[9] however, unknown to defendant, the entry of default had already been granted.[10] Additionally, defendant argues that it has a meritorious defense. Specifically, that it is not the party responsible for plaintiff's alleged damages because although it owns the physical property, its tenant, Tennessee Quality, LLC, is responsible for ensuring the building is "in compliance and conformity with all [l]aws relating to the condition,

---

[5] R. Doc. No. 4

[6] R. Doc. Nos. 5, 6.

[7] R. Doc. No. 7.

[8]  R. Doc. No. 7-1, at 1.

[9] *See* R. Doc. No. 7-3.

[10] *See id.*; R. Doc. No. 7-1, at 1, n.1.

use, accessibility or occupancy of the [p]remises during the term (including any and all requirements as set forth in the Americans with Disabilities Act)."[11]

## II.    LEGAL STANDARD & ANALYSIS

Rule 55(c) of the Federal Rules of Civil Procedure provides, "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). When determining whether there is good cause to set aside an entry of default, the Court should consider (1) whether the default was willful, (2) whether setting the default aside would prejudice the opposing party, and (3) whether a meritorious defense is presented. *See In re Chinese Manufactured Drywall Prods. Liability Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)); *CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 64 (5th Cir.1992).

Federal courts have broad discretion in deciding whether to aside an entry of default, as courts generally prefer to resolve disputes on the merits. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993). Defaults are extreme sanctions reserved for rare occasions, and doubts as to whether or not a defendant has shown good cause should be resolved in favor of setting aside the default. *See Lindsey*, 161 F.3d at 893.

For the reasons that defendant provides, and considering the fact that plaintiff has not filed an opposition to defendant's motion, the Court finds that there is good cause to set aside the entry of default against defendant.

---

[11] *Id*. at 2.

Accordingly, there being no opposition filed,

**IT IS ORDERED** that defendant's motion is **GRANTED**. The entry of default is hereby **VACATED**.

**IT IS FURTHER ORDERED** that defendant shall file responsive pleadings no later than **July 23, 2026**.

New Orleans, Louisiana, July 9, 2026.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**